```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


ROBERT A. HULL; JESSICA HULL; HAROLD
HULL,

                    Plaintiffs,

vs.                                    Case No.   2:06-cv-400-FtM-99SPC

UNITED STATES OF AMERICA; STATE OF
FLORIDA; LEE COUNTY; MARY FLETCHER;
AMERICA SERVICES GROUP; STEVEN B.
RUSSEL; ROBERT R. JACOBS, III; LYNN
GERALD,   JR.;    CHARLIE    CRIST;
UNSPECIFIED PARTIES,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court upon initial review of the file.  Plaintiff, who is currently confined in the Lee County Jail and proceeding *pro se*, filed a civil rights Complaint form pursuant to 42 U.S.C. § 1983 (Doc. #1) on August 8, 2006 on behalf of himself and on behalf of his minor children.  The Complaint alleges violations of "all [Plaintiff's] rights under [Florida] law [,] the U.S. Constitution and the Bill of Rights" and names the following defendants: the United States of America, the State of Florida, Lee County, Mary Fletcher, America Services Group, Steven B. Russel, Robert R. Jacobs, III., Lynn Gerald, Jr., Charlie Crist, and Unspecified Parties.  As relief, Plaintiff requests that the Court "immediate[ly] release" Plaintiff from custody, provide Plaintiff with information concerning the location and condition of his

children, award Plaintiff "appropriate compensation" for damages, and "punish, fine, or fire all employees or associates responsible for the suffering of myself and my children." Complaint at 10.

Because Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2), the Prison Litigation Reform Act (hereinafter PLRA) requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. See 28 U.S.C. § 1915(e)(2). The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the

claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349. In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Here, it is clear the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2). First, it is clear that the primary relief sought by Plaintiff, immediate release from the Lee County Jail, is not available under 42 U.S.C. § 1983. Rather, to the extent that Plaintiff challenges his confinement and argues that he is being illegally held, he must first fully exhaust his state court remedies and then file a petition for habeas corpus relief pursuant

to 28 U.S.C. § 2254.[1]  Additionally, to the extent that Plaintiff is challenging unlawful conduct leading to an unconstitutional conviction, such a claim cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis original).  See also Koger v. Florida, 2005 WL 1027204 (11th Cir. May 3, 2005).

Moreover claims against Defendant Lynn Gerald, Jr., who is a Florida Circuit Court Judge, are barred because judges are entitled to absolute immunity for actions taken in their judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Sibley v. U.S. Supreme Court, 2005 WL 1366438 (11th Cir. June 10, 2005).  Similarly, Plaintiff's claims against Stephen Russell, the State Attorney, and Charlie Crist, the State Attorney General are barred.  "Prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31

---

[1] The Court takes judicial notice of Plaintiff's two prior Petitions for Writs of Habeas Corpus, which were dismissed by the Court.  The Court dismissed the first Petition on the grounds that Plaintiff Hull requested that the Court intervene in his pending state court criminal case and what appeared to be a custodial case involving Petitioner's children. See Doc. #6 at 2:05-cv-480. Hull's second Petition for Writ of Habeas Corpus was dismissed as premature because Hull's state proceedings remained pending before the state circuit court. See Doc. #4 at 2:06-cv-356.  As of the date of this Order, Hull's state court criminal action remains pending and is scheduled for trial on October 23, 2006. See www.leeclerk.org State of Florida v. Hull, Robert Alling, Case No. 04-CF-000937.

(1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir.1999); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir.1984)). See also Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Finally, claims against Mary Fletcher, the assistant public defender who was appointed to represent Plaintiff in his underlying criminal action, are not cognizable under § 1983 since a public defender is not a "person" "acting under of color of state law" for the purposes of the statute.  Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted).

Plaintiff's only cognizable claim is a vaguely stated claim for medical indifference against America Services Group. The only discernable statements in the Complaint against American Services Group are that Plaintiff lost two teeth due to the failure to receive treatment for "a minor dental condition" and has "massive scarring all over [his] body" due to the "spreading of a disease of unknown quantity."  With respect to this potential claim, however, it is clear that Plaintiff has not exhausted his available administrative remedies as required by the Prison Litigation Reform Act.  Plaintiff attaches to the Complaint a copy of a "request" for grievance forms and a "complaint" to prison officials that is unrelated to this claim. Additionally, Plaintiff does not specify who denied Plaintiff dental treatment or what, if any, medical

treatment Plaintiff sought for his "unknown" disease. Consequently, prior to initiating a complaint against Defendant America Services Group for alleged Eighth Amendment violations, Plaintiff is required to first avail himself of the administrative remedies in place at the Lee County Jail and fully exhaust such remedies. Woodford v. NGO, 126 S. Ct. 2378, 2382 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)); see also Salas v. Tillman, 162 Fed. Appx. 918 (11th Cir. 2006) (holding that the district court's *sua sponte* dismissal of Plaintiff's § 1983 claims for Plaintiff's failure to exhaust was not an abuse of discretion). Additionally, Plaintiff must ascertan the name of the individual(s) from Defendant America Services Group who allegedly denied Plaintiff his Eighth Amendment rights.

Based upon the foregoing, Plaintiff has failed to state a cognizable claim under § 1983 and consequently this case will be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

2. The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate any pending motions; and (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this   11th   day of October, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA:   alj
Copies: All Parties of Record